# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/11/06   . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Randle Penry |
| **Case Number:** | 04-13001 |

### Document Information

| | |
|---|---|
| **Description:** | Order  Denying [8-1] Motion For Relief From Stay To pursue State Court Proceeding, Case No. D-0911-DM-02003-00079 by Sue Bracksieck . |
| **Received on:** | 2004-07-15 09:17:06.000 |
| **Date Filed:** | 2004-07-15 00:00:00.000 |
| **Date Entered On Docket:** | 2004-07-15 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID RANDLE PENRY,                            No. 7-04-13001 MR

    Debtor.

## ORDER DENYING MOTION FOR RELIEF FROM STAY
## (SUE BRACKSIECK)

THIS MATTER is before the Court on the Motion for Relief From Stay ("Motion") filed by Sue Bracksieck ("Movant"), by and through her attorneys of record, Sanders, Bruin, Coll & Worley, P.A. (Clarke C.Coll). The Debtor, by and through his attorney of record, Randall M. Harris, and the Chapter 7 Trustee, Oralia Franco, filed objections to the Motion. The Court held a final hearing on the Motion on July 8, 2004. Ms. Bracksieck, Debtor's former spouse, requests the Court to grant relief from the automatic stay to allow the continuation of state court proceedings to liquidate community property and to divide community property as part of dissolution of marriage proceedings between the parties initiated prior to the date Debtor filed his petition for bankruptcy. The parties stipulate for purposes of determining this Motion that 1) Movant filed a petition for dissolution of marriage in May of 2003; 2) on April 21, 2004 the State Court entered a partial decree dissolving the marriage but expressly reserving for later determination the division of property of the marriage; 3) Debtor filed his voluntary petition for bankruptcy on April 24, 2004; 4) Movant filed her motion to liquidate community property and apply the proceeds to community debts as part of the state court dissolution of marriage proceedings as part of her initial petition for dissolution of marriage; 5) the Debtor's debts are community debts for which Movant is jointly and severally liable; and 6) because the marriage was dissolved prior to the date of the filing of the bankruptcy, Movant will not receive the benefit of a community discharge.

After considering the Motion and brief in support thereof, and being otherwise sufficiently informed, the Court finds that there is insufficient cause to grant relief from the automatic stay for the purpose of litigating community property issues. The Motion will therefore be denied.

Upon the filing of Debtor's voluntary petition for bankruptcy, the automatic stay came into effect, and all of the community property became property of the Debtor's bankruptcy estate. 11 U.S.C. § 362(a); 11 U.S.C. § 541; *Miller v. Walpin (In re Miller),* 167 B.R. 202, 205 (Bankr.C.D.Cal. 1994) ("[W]here, as in the instant case, the dissolution of the marital status occurred before the filing of the bankruptcy case, but the division of the couple's community property had not yet ben made at the time the bankruptcy case was filed . . . . all community property of both Plaintiff Miller and Defendant Walpin became property of the [bankruptcy] estate . . ."). The purpose of the automatic stay is "to shield both a debtor and his creditors by permitting the debtor to marshal his affairs and by ensuring that the bankruptcy procedure may provide an orderly resolution of all claims." *In re Busch,* 294 B.R. 137, 140 (10th Cir. BAP 2003) (citing *Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir. 1984)). Relief from the automatic stay under 11 U.S.C. § 362(d) may be granted for "cause", including "lack of adequate protection," but "[b]ecause 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis." *Id.* (citing *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987)).

Ms. Bracksieck argues that because she and the Debtor's marriage was dissolved prior to the petition date she will not receive the benefit of a community-property discharge, and, consequently will remain liable for any community debt left unpaid. This assessment is likely correct, but it does not provide a sufficient reason to lift the automatic stay under the circumstances present here. Section

2

524(a)(3) protects a non-filing spouse by prohibiting creditors holding claims against the community from pursuing collection from after-acquired community property, except those claims otherwise excepted from discharge or that would be excepted in a hypothetical bankruptcy case of the non-filing spouse. 11 U.S.C. § 524(a)(3); *In re Strickland,* 153 B.R. 909, 912 (Bankr.D.N.M. 1993). Even if the Debtor and Ms. Bracksieck were still married, the discharge injunction contained in § 524(a)(3) does not operate to prohibit creditors holding community claims from pursuing the separate property of the non-filing spouse who remains liable for the community debt. *See In re Schmiedel,* 236 B.R. 393, 398 (Bankr.E.D.Wis. 1999) ("Section 524(a)(3) protects after-acquired community property from recovery for community claims incurred by either spouse, but it is not a discharge of personal liability for the nonfiling spouse."). Through the Debtor's bankruptcy, creditors holding community claims will share in the distribution of all non-exempt assets, including all non-exempt community assets which became part of the Debtor's bankruptcy estate upon filing. *See Miller,* 167 B.R. at 205. *See also Schmiedel,* 236 B.R. at 398 (noting that "Any nonexempt community property would be liquidated and distributed [to creditors], and all that passes out of the [bankruptcy] estate is exempt community property."). Ms. Bracksieck can protect herself to some degree by filing proofs of claim on behalf of any creditors holding claims against the community in the event they fail to file a proof of claim. Rule 3005(a), Fed.R.Bankr.P. (If a creditor has not filed a proof of claim pursuant to rule 3002 or 3003(c), an entity that is or may be liable with the debtor to that creditor . . . may . . . execute and file a proof of claim in the name of the creditor . . . ").

 Ms. Bracksieck argues further that the state court should be allowed to proceed with the property division issues between the former spouses because these issues are matters of state law.

3

Whether the state court has specialized expertise is a factor for the Court to consider when determining whether to lift the automatic stay to allow pending litigation to go forward. *See In re Busch,* 294 B.R. at 141 (listing the twelve factors identified in *In re Curtis,* 40 B.R. 795, 799-800 (Bankr.D.Utah 1984)).[1] But the litigation to divide community property as part of the marriage dissolution proceedings has yet to begin. Lifting the stay for the purpose of allowing the state court to divide community assets when such litigation has not yet begun would interfere with the orderly liquidation and distribution of non-exempt community property of the bankruptcy estate to community creditors . As noted by the Bankruptcy Court for the Western District of Oklahoma,

> The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor to go forward in another forum is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be sufficient to deny relief in the absence of a commensurate benefit.
>
> *In re Tower Petroleum Co.,* 48 B.R. 182, 190 (Bankr.W.D.Okla. 1985) (citing *In re Penn-Dixie Industries, Inc.,* 6 Bankr. 832 (Bankr.S.D.N.Y. 1980))

Here, because the state court had not divided community property as of the date of the bankruptcy, all of the community property came into the bankruptcy estate. *Miller,* 167 B.R. at 205. The Bankruptcy

---

[1]Seven of the twelve "Curtis factors" identified by *Busch* are:
> (1) whether the relief would result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (4) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (5) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (6) whether the foreign proceedings had progressed to the point where the parties were prepared for trial; (7) the impact of the stay on the parties and the 'balance of hurt.'
>
> *Busch,* 294 B.R. at 141.

4

Court is the appropriate forum for adjudicating the rights of creditors to bankruptcy estate property. *See* 28 U.S.C. § 1334. After these rights are determined in Bankruptcy Court, the rights of the former spouses regarding exempt community property can be determined in state court.

The Chapter 7 trustee has determined that this is an asset case, with an anticipated distribution of non-exempt assets to creditors. *See* Trustee Report from § 341 Meeting of Creditors (Docket #16). To the extent there is excess property over debt, the Chapter 7 trustee should take into account the wishes of the Debtor and his former spouse regarding marshaling of the property for payment to creditors. When all creditors have been paid in full, it will be appropriate to lift the stay to allow the state court to determine the rights to any excess proceeds or property between the Debtor and his former spouse. Under the present circumstances, insufficient cause exists to lift the automatic stay.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Relief from Stay is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I hereby certify that a true and correct copy of the foregoing was either
electronically transmitted, faxed, delivered or mailed to the listed counsel and parties,
on the date file stamped above.

Clarke C. Coll
Attorney for Sue Bracksieck
PO Box 550
Roswell, NM 88202

Randall Harris
Attorney for Debtor
400 Pile, Suite 300
Clovis, NM 88101

Oralia Franco
Chapter 7 Trustee
2000 E. Lohman, Suite B
Las Cruces, NM 88001

/s/ Patti G. Hennessy
―――――――――――――――
Patti G. Hennessy
Law Clerk
(505) 348-2545